IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JAMES SPILLER, ET AL.,                                    PLAINTIFFS,

VS.                                          CIVIL ACTION NO. 2:09CV044-P-A

WILLY EDWARD CHERRY, SR., ET AL.,                           DEFENDANTS.

## FINAL JUDGMENT

This matter comes before the court upon Defendants Willy Edward Cherry, Sr., Geraldine Cherry, Ezell Landrum, Audrey Landrum, and Hospice Solutions, Inc.'s motion to dismiss [20] and Defendant Mississippi Holistic Hospice Care, Inc.'s motion to dismiss [22]. After due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

All defendants move to dismiss the plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing primarily that the plaintiffs lack standing to sue since their suit is in reality a stockholder's derivative suit and the plaintiffs failed to follow the procedural prerequisites for filing derivative suits as required by Miss. Code Ann. §79-4-7.42 and Fed. R. Civ. P. 23.1.

Mississippi Code Annotated §79-4-7.42 provides:

> No shareholder may commence a derivative proceeding until: (1) A written demand has been made upon the corporation to take suitable action; and (2) Ninety (90) days have expired from the date the demand was made unless the shareholder has earlier been notified that the demand has been rejected by the corporation or unless irreparable injury to the corporation would result by waiting for the expiration of the ninety-day period.

The defendants argue that the plaintiffs' suit is a derivative suit and that they did not await 90 days before filing suit after making a written demand upon Mississippi Holistic Hospice Care, Inc. (MHHC). The plaintiffs argue that their suit is not a derivative suit, but rather a direct action, and that they are therefore not required to comply with §79-4-7.42. Alternatively, the plaintiffs argue

that they were not required to await the 90-day period because "irreparable injury to the corporation would [have resulted] by waiting for the expiration of the ninety-day period" as expressly provided in §79-4-7.42.

The threshold question is whether the plaintiffs' suit is in fact a derivative suit or a direct action. The Mississippi Supreme Court in *Bruno v. Southeastern Services, Inc.*, 385 So.2d 620, 622 (Miss. 1980) held that "an action to redress injuries to a corporation, whether arising in contract or in tort cannot be maintained by a stockholder in his own name, but must be brought by the corporation because the action belongs to the corporation and not the individual stockholders whose rights are merely derivative." However, the Court in *Derouen v. Murray*, 604 So.2d 1086 (Miss. 1992) ruled that there is an exception available for closely-held corporations. Adopting the view of the *Principles of Corporate Governance*, § 701(d), the Court held:

> In the case of a closely held corporation ..., the court in its discretion may treat an action raising derivative claims as a direct action, exempt it from those restrictions and defenses applicable only to derivative actions, and order an individual recovery, if it finds that to do so will not (i) unfairly expose the corporation or the defendants to a multiplicity of actions, (ii) materially prejudice the interests of creditors of the corporation, or (iii) interfere with a fair distribution of the recovery among all interested persons.

*Derouen*, 640 So.2d at 1091.

Having considered the parties' arguments, the court concludes that the plaintiffs have not met the requirements for the *Derouen* exception. First, it is undisputed that two of the ten shareholders are not parties. Therefore, there is a possibility of another action. Second, allowing individual recovery in the form of a direct action in these circumstances would materially prejudice the interests of Medicare, a major creditor of the corporation, since the plaintiffs seek, in part, to recover an unspecified amount of actual and punitive damages which would affect the amount of the

2

corporation's assets. Third, allowing this action to proceed as a direct action for individual recovery might interfere with a fair distribution of the recovery among all interested persons since there are two shareholders who are not parties to this action.

In any event, the *Derouen* test does not affect the requirements of Rule 23.1, which is a federal rule of procedural, not substantive, law. It is undisputed that the plaintiffs did not comply with Rule 23.1.

The court concludes that the defendants' motions to dismiss pursuant to Rule 12(b)(1) for lack of standing should be granted for failure to comply with Miss. Code Ann. §79-4-7.42 and Fed. R. Civ. P. 23.1. However, Defendant MHHC's motion to dismiss the plaintiffs' case against the corporation itself on the grounds that the request for an injunction to require MHHC to provide corporate records, books, and records is moot should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants Willy Edward Cherry, Sr., Geraldine Cherry, Ezell Landrum, Audrey Landrum, and Hospice Solutions, Inc.'s motion to dismiss [20] is **GRANTED**;

(2) Defendant Mississippi Holistic Hospice Care, Inc.'s motion to dismiss [22] is **GRANTED IN PART AND DENIED IN PART** as explained above, therefore,

(3) The plaintiffs' claims against all of the defendants are **DISMISSED WITHOUT PREJUDICE**; and

(4) This case is **CLOSED** with the parties to bear their own costs.

**SO ORDERED** this the 14th day of September, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE